# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**DAVID AND THERESA PALKOVIC,**
**ERICA L. OLIVER, f/k/a ERICA L.**
**EVERHART,** and **RAE ZATEZALO,**

    Plaintiffs,

v.                                                           Civil Action No. 5:14-CV-102
                                                               (BAILEY)

**COUNTRYWIDE HOME LOANS, INC.,**
**BANK OF AMERICA, N.A.,**
**CARLYLE MILLARD,**
**DIANE J. WOLFE,**
and **MYRA C. FECAT,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

On this day, the above-styled civil action came before this Court upon consideration of the Plaintiffs' Motion to Remand [Doc. 12], filed September 2, 2014. Defendants Countrywide Home Loans, Inc. and Bank of America, N.A. filed their Response in Opposition [Doc. 15] on September 19, 2014. Plaintiffs filed their Reply on September 26, 2014 [Doc. 16]. The motion has been fully briefed and is now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the Plaintiffs' Motion to Remand [Doc. 12] should be **GRANTED**.

I.  **Factual and Procedural History**

On July 31, 2014, the defendants removed this action from the Circuit Court of Ohio County, West Virginia under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The plaintiffs contend that removal is improper because the defendants cannot meet the 100 member numerosity requirement or $5,000,000 jurisdictional threshold under CAFA. The three named plaintiffs seek recovery on behalf of themselves and a class of similarly situated West Virginians. The plaintiffs have tentatively defined the class as:

> All West Virginia consumers who obtained mortgage loans through Countrywide or Bank of America, and whose loans were closed by persons not admitted to the practice of law in West Virginia or by persons not under the direct supervision of a lawyer admitted to the practice of law in West Virginia, and whose loans were in effect at any time after June 25, 2013.

[Doc. 1-1 at ¶ 67].

Attached to their Notice of Removal at Exhibit 3, the defendants submitted the Affidavit of Edward Cherkezian, an Assistant Vice President of Bank of America. Therein, the defendants attempt to identify the number of mortgage loans as laid out in the Complaint. In so doing, the Affidavit states that Mr. Cherkezian has identified 4,264 accounts that meet the following criteria: (1) the property is in the State of West Virginia; (2) it was subject to a mortgage; (3) the mortgage loan was originated by either Bank of America or a Countrywide entity; (4) the mortgage date was on or after January 1, 2005; and (5) the loan has a paid-through date on or after June 25, 2013. Fatally missing from this calculus is the number of such loans that were closed by a notary or other persons not

2

admitted to practice law in West Virginia or otherwise under the direct supervision of a lawyer admitted to practice law in the State of West Virginia.

The defendants argue that the language in the Complaint, which states that Countrywide "issued thousands of mortgage loans" in West Virginia during the class period using the "standard practice" of hiring notaries to close its loans necessarily implicates all 4,264 loans originated by the defendants. This Court disagrees.

## DISCUSSION

### I. Class Action Fairness Act

"CAFA authorizes the removal of any civil action which is a class action in which (1) 'the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' 28 U.S.C. § 1332(d)(2); (2) 'any member of a class of plaintiffs is a citizen of a State different from any defendant,' id. § 1332(d)(2)(A); and (3) there are 100 or more plaintiff class members, id. § 1332(d)(5)(B)." ***West Virginia ex rel. McGraw v. CVS Pharm., Inc.***, 646 F.3d 169, 174 (4th Cir. 2011).[1] The removing party must prove these three elements by a preponderance of the evidence. *See **Johnson v. Advance Am.***, 549 F.3d 932, 935 (4th Cir. 2008).

"We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal

---

[1] CAFA "defines 'class action' to mean any civil action filed under rule 23 of the Federal Rules of Civil procedure or *similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.*' Id. § 1332(d)(1)(B)." ***McGraw***, 646 F.3d at 174 (emphasis in original). West Virginia Civil Rule of Procedure 23 satisfies the emphasized "similarity" requirement. *See **Id.***

court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter. If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." **Strawn v. AT & T Mobility**, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted).

Federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.' **Md. Stadium Auth. v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks, citations, and alterations omitted); *see also* **Shamrock Oil** [**& Gas Co. v. Sheets**], 313 U.S. at 109 ('Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' (internal quotation marks omitted))." **Palisades Collections LLC v. Shorts**, 552 F.3d 327, 333-34 (4th Cir. 2008).

"Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper. *See* **Strawn v. AT & T Mobility LLC**, 530 F.3d 293, 296-97 (4th Cir. 2008). This is true even in the context of removals pursuant to CAFA. In *Strawn,* this Court found that, while CAFA was intended to open the doors of the federal courts to class action litigants, its statutory language did nothing to reverse the long-settled principle that a defendant seeking to invoke a federal court's removal jurisdiction bears the burden of demonstrating that jurisdiction would be proper. *Id.* at 297." **Bartnikowski v. NVR, Inc.**, 307 Fed.Appx.

4

730, 734 (4th Cir. 2009).

"While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement - just as federal jurisdiction is pleaded in a complaint - when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." **Strawn**, *supra* at 297, citing **Ellenburg v. Spartan Motors Chassis, Inc.**, 519 F.3d 192, 200 (4th Cir. 2008).

"The question then becomes how that burden is to be satisfied. Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal. *See* **Wiggins v. North Am. Equitable Life Assurance Co.**, 644 F.2d 1014, 1016 (4th Cir. 1981). Determining the amount in controversy becomes more difficult, however, where, as here, plaintiffs have left damages unspecified in their Complaint. In this case, both parties agree that the defendant's burden in these circumstances is to establish the jurisdictional amount by a preponderance of the evidence." **Bartnikowski**, *supra* at 734 (footnote omitted).

## II.  Analysis

It is clear that the defendants ask this Court to read the purported class as broadly as possible. The gravamen of their argument for purposes of CAFA jurisdiction hinges on the Complaint's use of the term "standard practice" in an attempt to include all 4,264 combined Countrywide and Bank of America loans as identified by Mr. Cherkezian in his Affidavit [Doc. 15, Exh. A at ¶ 5].

The defendants rely on a strained reading of **Strawn v. AT&T Mobility, LLC**, 530 F.3d 293, in an attempt to bolster their claim that the 100 person numerosity requirement

5

is met.  In *Strawn*, however, the plaintiffs' class definition was broad on its face.  Its very terms included all customers who were automatically enrolled in a free trial period for a roadside assistance service tied to their cell phone service, and who were eventually charged $2.99 per month at the end of that period.  Important to the Fourth Circuit's broad reading of the class, the plaintiffs' class definition was not qualified to exclude those who willingly continued to use the service for a fee.  Therefore, the Court held that it would not diminish the class as defined in the complaint.

In the instant case, this Court finds the plaintiffs' proposed class definition is clearly and unambiguously limited to those loans closed by persons not authorized to practice law in West Virginia.  Other than the three named plaintiffs, this Court simply cannot speculate as to the number of loans which may have been closed in such manner.  This would run afoul of the long-settled principle that a defendant seeking to invoke a federal court's removal jurisdiction bears the burden of *demonstrating* by a preponderance of the evidence that jurisdiction would be proper.  See  ***Bartnikowski v. NVR, Inc.***, 307 Fed.App'x. 730, 734.  Accordingly, this Court finds the defendants have failed to establish, at this time, that the putative class alleged by the plaintiffs reaches the requisite numerosity for CAFA jurisdiction.[2]  In addition, because the amount in controversy will ultimately be intertwined with the number of allegedly improper loans, this Court also finds the $5,000,000 amount to be highly speculative.

---

[2] This Court is reminded of a similar case, ***Kemper v. Quicken Loans, Inc.***, 2013 WL 5504152 (N.D.W. Va. Oct. 2, 2013), in which the defendants met the numerosity requirement by attaching to their Notice of Removal a Declaration by its Vice President stating that Quicken and Title Source originated over 1,200 loans to 900 different borrowers in West Virginia that "involved laypersons or non-attorney notary publics (*sic*) to assist with closing the loans."

## **CONCLUSION**

Upon consideration of the above, this Court is of the opinion that the Plaintiffs' Motion to Remand **[Doc. 12]** should be, and hereby is, **GRANTED**. Accordingly, this matter is hereby **REMANDED** to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to transmit the same to the Clerk of the Circuit Court of Ohio County, West Virginia.

**DATED:** October 24, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE